UNITED STATES of America,
Plaintiff–Appellee

v.

Brent BATTIN, Defendant–Appellant.

No. 06–51280
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Brent Battin appeals following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that his prior Texas state conviction for felony evading arrest was not a qualifying predicate offense punishable by imprisonment for a term exceeding one year. Although he acknowledges that the offense was a state jail felony, he argues that his plea agreement provided that he would be sentenced in accordance with TEX. PENAL CODE ANN. § 12.44(a), which allows punishment as if the crime were a Class A misdemeanor subject to a maximum one-year sentence. We have previously rejected a nearly identical argument. *United States v. Rivera–*

Perez, 322 F.3d 350, 351–52 (5th Cir.2003). Battin correctly concedes that his argument is foreclosed, and he states that he raises the issue to preserve it for possible further review.

Battin also argues that § 922(g)(1) is unconstitutional because the statute does not require a "substantial" effect on interstate commerce and it exceeds Congress' authority under the Commerce Clause. Battin's challenge to the constitutionality of § 922(g)(1) is also foreclosed by circuit precedent. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001); *United States v. Rawls,* 85 F.3d 240, 242 (5th Cir.1996). Battin concedes as much and indicates that he raises this issue also to preserve it for further review.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.